IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**TIMOTHY TYLER**                                                    **PETITIONER**

**VS.**                  **CASE NO. 4:09CV00916 SWW/HDY**

**G. DAVID GUNTHARP, Director of the**
**Arkansas Department of Community Correction**        **RESPONDENT**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge Susan Webber Wright.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

     1.      Why the record made before the Magistrate Judge is inadequate.

     2.      Why the evidence proffered at the hearing before the District
                 Judge  (if such a  hearing is granted)  was not  offered at  the

        hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

    Mail your objections and "Statement of Necessity" to:

        Clerk, United States District Court
        Eastern District of Arkansas
        600 West Capitol Avenue, Suite A149
        Little Rock, AR 72201-3325

## DISPOSITION

Timothy Tyler, an inmate in the custody of the Arkansas Department of Correction (ADC), seeks habeas corpus relief pursuant to 28 U.S.C. §2254 . Mr. Tyler was sentenced in 2006 to a term of 84 months for residential burglary and theft of property. On July 10, 2008, Mr. Tyler was paroled to the Arkansas Department of Community Correction (DCC). On October 15, 2009, the DCC notified the petitioner that it was instituting proceedings to revoke his parole, alleging failure to report to his parole officer on four occasions, moving outside the county without notifying his parole officer, committing the act of Battery III, and violating curfew by moving without permission and remaining away from his approved residence. A revocation hearing was conducted on November 6, 2009. The Arkansas Board of Parole revoked Tyler's parole for violating the conditions on reporting, residence, and curfew. The revocation was suspended on the condition that the petitioner enter and complete counseling and a program for violators. The petitioner was notified that he had

thirty days to appeal the decision, but the respondent contends that he did not do so.

In his current petition, Mr. Tyler advances a number of claims which are summarized in the following grounds for relief:

1. He was denied due process in the revocation of his parole status; and

2. He has a liberty interest in remaining in the parole program which confers on him due process rights and these rights were violated by the manner in which his parole was revoked.

The respondent contends that these grounds are not properly before this Court due to the petitioner's failure to adequately raise these grounds in state court, as required by *Wainwright v. Sykes*, 433 U.S. 72 (1977), and its progeny. Specifically, the respondent urges that the petitioner failed to appeal the revocation of his parole. In addition, the respondent contends the petitioner failed to utilize the Arkansas Administrative Procedures Act to challenge the decision of the Parole Board. By previous Order of the Court, Mr. Tyler was notified that dismissal of the petition was possible due to the apparent procedural default. Mr. Tyler was informed of his opportunity to explain why the petition should not be dismissed, and he filed an explanatory pleading. *See* Docket entries nos. 27 & 28.

In *Wainwright v. Sykes, supra*, the United States Supreme Court held that a federal court should not reach the merits of a litigant's habeas corpus allegation if he has procedurally defaulted in raising that claim in state court: that is, if he was aware of the ground, but failed to pursue it to a final determination. The exception created by the Supreme Court permits such an allegation to be addressed if the litigant can establish "cause" for his failure to assert the known ground and "prejudice" resulting from that failure. *See, also, Clark v. Wood*, 823 F.2d l24l, l250-5l (8th Cir. l987); *Messimer v. Lockhart*, 822 F.2d 43, 45 (8th Cir. l987). The *Wainwright v. Sykes* cause and

prejudice test was clarified by two subsequent Supreme Court decisions, *Smith v. Murray*, 477 U.S. 527 (1986), and *Murray v. Carrier*, 477 U.S. 478 (1986).

With respect to cause, these cases explain that the Court has "declined in the past to essay a comprehensive catalog of the circumstances that [will] justify a finding of cause." *Smith v. Murray*, 477 U.S. 533-34. However, one can discern from these cases several circumstances in which cause might be found: first, where some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rules, *see Murray v. Carrier*, 477 U.S. at 488; second, where a constitutional claim is so novel that its legal basis is not reasonably available to counsel, *see Reed v. Ross*, 468 U.S. 1 (1984); or third, if the litigant failed to receive the effective assistance of counsel. *See Murray v. Carrier*, 477 U.S. at 488. In addition, there is one extraordinary circumstance where a federal habeas court may grant relief without a showing of cause: where a constitutional violation has probably resulted in the conviction of one who is actually innocent. *Id.* at 496.

As previously noted, the respondent urges that the petitioner has procedurally defaulted his claims by: (1) failing to appeal the November 9, 2009, decision of Hearing Examiner James L. Williams[1] to the Arkansas Board of Parole; and (2) failure to pursue relief in state court pursuant to the Arkansas Administrative Procedures Act, Ark. Code Ann. § 25-15-212 (Repl. 2002). We address these contentions in order.

The petitioner argues, and we agree, that he did in fact appeal the November 9, 2009, decision. The record shows the Arkansas Board of Parole affirmed the decision of the Hearing

---

[1]The decision of Williams, found at page 20 of Exhibit A to docket entry no. 24-2, informs Tyler that an appeal is to be made in writing within 30 days of the hearing date.

Examiner by Memorandum dated December 18, 2009. See Docket Entry no. 28, page 1. As a result, we find no procedural lapse with regard to an appeal of the November 9, 2009, decision rendered by James L. Williams.

The record does not reflect, however, any effort by the petitioner to advance his claims in state court using the Arkansas Administrative Procedures Act. This Act appears to bar the petitioner from advancing his claims, as it allows any person "except an inmate under sentence to the custody of the Department of Correction" to seek review of an agency's final decision within 30 days after the service of the agency's final decision. However, in *Clinton v. Bonds*, 306 Ark. 554 (1991), the Arkansas Supreme Court held unconstitutional the portion of the statute barring inmates from bringing constitutional challenges. As a result, Mr. Tyler could have filed a claim pursuing his constitutional claims in state circuit court within 30 days after he was served with the Arkansas Board of Parole's December 18, 2009, decision. The time for filing such an action has now passed, and there are no other non-futile state court remedies available to Mr. Tyler. As a result, we recommend that the petition be dismissed with prejudice due to the failure to adequately raise and pursue the claims[2] in state court. We find no justification for the petitioner's failure to avail himself of the state court remedy. Although he contends he is innocent of the parole violations, he is essentially quarreling with the facts adduced at the hearing rather than offering "new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical

---

[2]We have assumed without deciding that the claims of Mr. Tyler rise to the level of a constitutional challenge. As such, these claims were cognizable in state court in a petition under the Arkansas Administrative Procedures Act. If the claims were rooted only in state law and not constitutional in nature, then those claims would not be properly raised in a federal habeas corpus action, which is available only for a violation of the Constitution, laws or treaties of the United States. 28 U.S.C. §§ 2241(c), 2254(a).

physical evidence--that was not presented" at the earlier hearing. *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

In summary, Mr. Tyler failed to present his claims in state court and failed to demonstrate cause and prejudice for failing to do so. Consequently, we recommend that the petition for writ of habeas corpus be dismissed with prejudice and the relief requested be denied.

IT IS SO ORDERED this  20   day of May, 2010.

_____
UNITED STATES MAGISTRATE JUDGE